## CROFT v STATE

Ohio Appeals, 2nd Dist, Champaign Co
No. 36. Decided April 23, 1931

Mr. McAlister, Pros. Atty., for the State.

Leo Buroker, St. Paris, F. N. R. Redfern, Adelphi, and L. M. Day, Chillicothe, for Croft.

HORNBECK, J.

We are of opinion that this motion and these affidavits and the entry on the motion are not properly before the court; that the motion and entry should be carried into the proper transcript and the affidavits and all other record of proceedings incident to the motion should be embodied in a bill of exceptions properly signed and certified.

However, we could require the transcript to be corrected and thereby give consideration to the motion, if it were vital to the rights of plaintiff in error, although we doubt our authority to bring the affidavits onto the record as no bill of exceptions is tendered covering a date after November 17, 1930. It is claimed by counsel for plaintiff in error that there is no limitation on the time within which a petition in error shall be filed. This may be correct as §13459-4 GC accords to the plaintiff in error the privilege of filing a petition as a matter of right within 30 days after sentence and judgment and does not fix any limitation within which it may be filed by leave of the reviewing court or two of the judges thereof, but to give any consideration whatever to the evidence or the weight thereof it is necessary that a bill of exceptions be filed and available to the court. §13445-1 GC fixes a limitation upon the time within which the bill of exceptions shall be filed, which in no case shall be more than 30 days from the overruling of a motion for a new trial.

It will be noted that the bill of exceptions tendered in this case relates only to the record made in the trial of the case which proceedings were concluded with the action of the court of date November 14, 1930, but it is filed within 30 days after the overruling of the second motion for a new trial of date February 18, 1931.

We do not believe that the mere filing of this motion has the effect of reinstating

the original proceedings for consideration of error here unless and until this court should find that the second motion for new trial should have been granted and that the court erred in refusing so to do.

An examination of the affidavits in support of the motion for new trial and counter affidavits disclose that with the exception of the affidavit of Mrs. Wilbur Wilkins all of the facts claimed to be newly discovered evidence were known by and available to counsel for defendant at the time of the trial. This is undisputed and as the affidavits and counter affidavits are made by the same individuals and are not inconsistent, we must accept them as true. The evidence respecting the time of the shooting was not in dispute in the trial and the affidavits offer nothing new on this subject matter. Thus on the face of the affidavits it affirmatively appears that the very basis for permitting a motion for a new trial to be filed after three days after judgment does not appear and therefore the court acted properly in overruling the second motion for new trial. There is nothing earlier than the second motion for a new trial in the proceedings for us to consider.

We therefore have incorporated in our entry a statement that as a matter of law plaintiff in error is not entitled to file his petition in error in this court and as the second motion for new trial was properly overruled it would be a futile thing to do so because it would bring up nothing which would enable us to consider any of the alleged errors arising on the record in the trial.

ALLREAD, PJ and KUNKLE, J, concur.